UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 5:11-397-KKC

UNITED FINANCIAL CASUALTY
INSURANCE COMPANY                                                                                    PLAINTIFF

v.

**MEMORANDUM OPINION AND ORDER**

PAUL WELLS,
D & P ENTERPRISES, LLC,
BRIAN STEVENS,
JAMES E. DAY, and
C & S WOOD PRODUCTS, INC.,                                                                   DEFENDANTS

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

This matter is before the Court on the Motion to Intervene filed by Maryland Casualty Company. (DE 35). This case stems from a motor vehicle accident and the resulting Kentucky state court action, Case No. 10-CI-296, styled *James Day v. Brian Stevens et al.*, in Breathitt Circuit Court. Plaintiff United Financial Casualty Insurance brought suit in this Court seeking a declaration that it owes no insurance benefits, including defense and indemnity, for any claims arising from or related to the motor vehicle accident. Maryland Casualty, the only party from the Kentucky state court action not named here, argues that it is entitled to intervene in this action as a matter of right. United Financial argues that Maryland Casualty cannot satisfy the requirements for intervention. For the reasons stated below, Maryland Casualty's motion will be DENIED.

   I. ANALYSIS

Under the Federal Rules of Civil Procedure, certain parties are entitled to intervene in a lawsuit as a matter of right. Fed. R. Civ. P. 24. A party seeking intervention of right under Rule

1

24(a)(2) must demonstrate four elements: "1) timeliness of the application to intervene; 2) the applicant's substantial legal interest in the case; 3) impairment of the applicant's ability to protect that interest in the absence of intervention; and 4) inadequate representation of that interest by parties already before the court." *Jordan v. Michigan Conference of Teamsters Welfare Fund,* 207 F.3d 854, 862 (6th Cir. 2000). Rule 24 is construed broadly in favor of the proposed intervenor. *Purnell v. Akron,* 925 F.2d 941, 950 (6th Cir. 1991). In this case, however, Maryland Casualty cannot show either a substantial legal interest in this case or inadequate representation by the existing parties. Accordingly, Maryland Casualty cannot satisfy the prerequisites of Rule 24.

The Sixth Circuit subscribes to a "rather expansive notion of the interest sufficient to invoke intervention of right." *Grutter v. Bollinger*, 188 F.3d 394, 398 (6th Cir. 1999)(quoting *Michigan State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997)). It has instructed lower courts to construe the term "liberally." *Bradley v. Milliken,* 828 F.2d 1186, 1193 (6th Cir. 1987). The Sixth Circuit has explained that "an intervenor need not have the same standing necessary to initiate a lawsuit." *Id.* (quoting *Miller*, 103 F.3d at 1245). Additionally, the Sixth Circuit has "cited with approval decisions of other courts 'reject[ing] the notion that Rule 24(a)(2) requires a specific legal or equitable interest.'" *Id.* (citations omitted). Still, this jurisprudence does not mean that "any articulated interest will do." *Coalition to Defend Affirmative Action v. Granholm,* 501 F.3d 775, 780 (6th Cir. 2007)(citations omitted). Rather, would-be intervenors must show "a direct, significant legally protectable interest" as the subject matter of the litigation. *United States v. Detroit Int'l. Bridge Co.,* 7 F.3d 497, 501 (6th Cir. 1993).

In this case, Maryland Casualty cannot establish a substantial legal interest. This is an action for a declaration of rights under an insurance contract between United Financial and Defendants Wells and D & P Enterprises. Maryland Casualty is not a party to that contract and has no legal right to contend for or against coverage. Maryland Casualty's asserted interest in this action is indirect and contingent. A determination of United Financial's coverage in this case may affect Maryland Casualty's uninsured motorist exposure to its insured, James E. Day, the plaintiff in the underlying Kentucky state court action. The right to intervene in a declaratory judgment action involving the issue of insurance coverage "has caused a split in the courts which have confronted this question." *Redland Ins. Co. v. Chillingsworth Venture, Ltd.,* 171 F.R.D. 206, 207 (N.D. Ohio 1997) (citing *New Hampshire Ins. Co. v. Greaves,* 110 F.R.D. 549 (D. R.I. 1986); *St. Paul Fire & Marine Ins. v. Summit-Warren Ind.,* 143 F.R.D. 129 (N.D. Ohio 1992); *Independent Petrochemical Corp. v. Aetna Casualty & Surety Co.,* 105 F.R.D. 106 (D. D.C. 1985); *Liberty Mut. Ins. Co. v. Pacific Indem. Co.,* 76 F.R.D. 656 (1977)). In *Redland*, however, the court denied the motion to intervene because the potential intervenors "ha[d] nothing more than a hypothetical interest in the present action as they are yet to obtain a judgment in the tort action. Absent a present, noncontingent interest in the insurance policies at issue in this declaratory judgment action, they lack the 'significantly protectable interest' required ..." *Id.* at 208. Similarly, in *Philadelphia Indemnity Insurance Co. v. Youth Alive, Inc.*, the United States District Court for the Western District of Kentucky held that strangers to the insurance contract at issue in a declaratory judgment action did not have the requisite substantial legal interest for intervention as a right. No. 3:09-CV-347-S, 2010 WL 1416708, *2 (W.D. Ky. Mar. 31, 2010). In *Youth Alive*, wrongful death actions were filed against a community program following a motor vehicle accident. *Id.* at *1. The community program's insurer brought a declaratory

3

judgment action seeking a declaration that there was no coverage or duty to defend under the insurance policy issued to the community program. The claimants in the wrongful death action sought to intervene in the declaratory judgment action, but the court held that they could not. The court emphasized that the proposed intervenors lacked a judgment against the community program, and "[t]herefore, their 'practical' interest is, at best, contingent." *Id.* at *2. Because it is similarly contingent, Maryland Casualty's asserted interest does not support intervention as a matter of right here.

Moreover, Maryland Casualty is represented adequately on the coverage question. In the Sixth Circuit, "the applicant for intervention bears the burden of demonstrating inadequate representation." *Meyer Goldberg, Inc. of Lorain v. Goldberg*, 717 F.2d 290, 293 (6th Cir. 1983) (citations omitted). However, the Supreme Court has stated this burden is a minimal one. *See Trbovich v. United Mine Workers,* 404 U.S. 528, 538 n. 10 (1972). The burden placed on the would-be intervenor requires "overcom[ing] the presumption of adequacy of representation that arises when the proposed intervenor and a party to the suit ... have the same ultimate objective." *Bradley*, 828 F.2d at 1192 (citation omitted). Some of the factors to be considered in determining whether representation is adequate are stated in *Triax Co. v. TRW, Inc.,* 724 F.2d 1224 at 1227-28 (6th Cir. 1984): (1) if there is collusion between the representative and an opposing party; (2) if the representative fails in the fulfillment of his duty; and (3) if the representative has an interest adverse to the proposed intervenor. Like Maryland Casualty, current parties D & P Enterprises, C & S Wood Products, and Wells share the same goal: a declaration that there is coverage under United Financial's policy. The presumption, therefore, is one of adequate representation. Maryland Casualty has pointed to no evidence of collusion, and the current parties have fulfilled their duties in responding to United Financial's declaratory

4

judgment action. Maryland Casualty notes that the current parties have not taken discovery, and it suggests it would offer a more vigorous defense. However, "as the task before the court in this/these action(s) is one of contract interpretation, the Court will not necessarily be assisted in the performance of such task by duplicative or repetitive arguments on the issue." *Trinity Universal Ins. Co. v. Turner Funeral Home*, No. 1:02-CV-231, 2003 WL 25269317, *8 (E.D. Tenn. Sept. 18, 2003)(denying a motion to intervene in a declaratory judgment action). D & P Enterprises, C & S Wood Products, and Wells argue for insurance coverage in this declaratory judgment action, and so Maryland Casualty's position is adequately represented.

## II. Conclusion

For the above stated reasons, Maryland Casualty has failed to satisfy the elements of Rule 24(a)(2). Therefore, Maryland Casualty cannot intervene as a matter of right.

Accordingly, IT IS HEREBY ORDERED that Maryland Casualty's Motion to Intervene is DENIED.

Dated this 30th day of November, 2012

Signed By:
*Karen K. Caldwell* KKC
United States District Judge