UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

Civil Action No. 5:11-CV-397-KKC

UNITED FINANCIAL CASUALTY
INSURANCE COMPANY                                                                                    PLAINTIFF

v.                                      **MEMORANDUM OPINION AND ORDER**

PAUL WELLS,
D & P ENTERPRISES, LLC,
BRIAN STEVENS,
JAMES E. DAY, and
C & S WOOD PRODUCTS, INC.,                                                                       DEFENDANTS

\*\*\*\* \*\*\*\* \*\*\*\* \*\*\*\*

This matter is before the Court on the Motion for Summary Judgment filed by Plaintiff United Financial Casualty Insurance Company. (DE 33). This case stems from an August 27, 2009 motor vehicle accident and the ensuing Kentucky state court action. Before this court United seeks a declaration that it is not obligated to provide coverage, defend, or indemnify under its insurance policy for any claims related to the accident. United contends that the insurance policy in question was canceled for nonpayment prior to the accident. Because there is a genuine issue of material fact as to whether United properly mailed notice of cancellation, the Court will deny United's Motion.

**I. Background**

The accident on August 27, 2009, brought these parties together. James Day alleges that on that day, Brian Stevens, while driving a 2001 Western Star, Model 490, a tractor trailer, collided with Day's vehicle. (DE 33-2, Amended Complaint, *Day v. Stevens et al.*, Case No. 10-CI-296 (Breathitt Circuit Court July 19, 2011)("Amended Complaint")). According to the state court complaint, Stevens was driving the tractor trailer during the course of his employment for D&P Enterprises, LLC, but the tractor trailer was owned by C&S Wood Products, Inc. (*Id.*). Paul Wells is the sole shareholder and director of C&S Wood Products. (DE 34-1, Paul Wells Aff.). Stevens, C&S Wood Products, and D&P Enterprises are defendants in the state court action, along with Day's underinsured motorist coverage provider,

Maryland Casualty Company. (DE 33-2, Amended Complaint). United had issued a commercial auto insurance policy, No. 06580035-0 (the "Policy"), to Wells and D&P Enterprises on or about September 2, 2008. (DE 33-3, Declarations Page and Policy No. 06580035-0.) Among the vehicles the Policy covered was the 2001 Western Star, Model 490, the tractor trailer involved in the accident. (*Id.*) On July 10, 2009, United contends it mailed a "Cancel Notice" to Wells and D&P stating that Wells and D&P failed to pay the minimum amount due of $1,498.76. (DE 33-4, Cancel Notice.) This notice stated that the Policy would be canceled at 12:01 a.m. on July 25, 2009, if United did not receive the premium payment by that same time. (*Id.*) The notice also stated the vehicles affected by the cancellation, which included the tractor trailer. (*Id.*)

## II. Analysis

The question before this Court is whether United is obligated to provide coverage, defend, or indemnify Wells and D&P Enterprises under the Policy for any claims related to the accident. Resolving that question depends on whether the Policy was properly canceled before the accident. To cancel the Policy, United was required to comply with the terms of its Policy and Kentucky law, both of which require only the mailing of a notice of cancellation. Defendants C&S Wood Products and Wells dispute the actual receipt of the notice of cancellation, but receipt is not required. In other words, the only genuine issue of material fact is whether United mailed the notice of cancellation. Summary judgment is proper if the evidence, taken in the light most favorable to the nonmoving party, shows that there are no genuine issues of material fact and that the moving party is entitled to a judgment as a matter of law. *Schrieber v. Moe,* 596 F.3d 323, 329 (6th Cir. 2010).

The Policy allows United to cancel the Policy if the named insureds, Wells and D&P Enterprises, failed to make a require premium payment. (DE 33-3, Declarations Page and Policy No. 06580035-0 at 41). Defendants do not dispute that the premium was not timely paid. (DE 34, Response to Plaintiff's Motion for Summary Judgment). The Policy requires United, when canceling a policy, to mail notice of the cancellation only to the named insured: "We may cancel this policy by mailing a notice of cancellation to the named insured shown on the Declarations Page at the last known address appearing in

2

our records." (DE 33-3, Declarations Page and Policy No. 06580035-0). Kentucky law places a similar requirement on United to mail the notice of cancellation based on nonpayment of premium only to the named insured:

> (3) No notice of cancellation of a policy to which subsection (2) of this section applies shall be effective unless mailed or delivered by the insurer to the named insured at least twenty (20) days prior to the effective date of cancellation; provided, however, that where cancellation is for nonpayment of premium, at least fourteen (14) days' notice of cancellation accompanied by the reason therefor shall be given.

K.R.S. § 304.20-040(3). United contends it mailed the "Cancel Notice" to Wells and D&P Enterprises at the address last known to it, P.O. Box 412, Stanton, KY, 40380, on July 10, 2009. (*See* DE 33-4, Cancel Notice, and DE 33-6, Record of Mailing.)

While Defendants claim that C&S Wood Products didn't actually receive notice of cancellation, only mailing of a notice of cancellation is required to effectuate the cancellation. The Policy provides that "Proof of mailing of any notice will be sufficient proof of notice." (DE 33-3, Declarations Page and Policy No. 06580035-0 at 42.) Similarly, Kentucky law provides:

> Proof of mailing of notice of cancellation or of intention not to renew or of reasons for cancellation or nonrenewal to the named insured at the address shown in the policy shall be sufficient proof of notice.

K.R.S. § 304.20-040(9). It is well settled in Kentucky that courts will not read a stricter requirement of actual notice into an insurance contract which has not specifically provided for such notice. *Pence Mortg. Co. v. Stokes*, 559 S.W.2d 500, 506 (Ky. Ct. App. 1977). *See also O'Daniel v. Michigan Mut. Liab. Co.*, 88 F. Supp. 339, 342 (W.D. Ky. 1950); *Woodard v. Calvert Fire Ins. Co.*, 239 S.W.2d 267, 269 (Ky. 1951); *Am. Fire & Cas. Co. v. Combs*, 273 S.W.2d 37, 38 (Ky. 1954).

To satisfy the proof of mailing, United has provided a "Record of Mailing," a mail log showing a "list of notices mailed to the persons at the addresses indicated." (DE 33-6, Record of Mailing). This log includes an entry for Wells, and the entry shows his name, the Policy number, and P.O. Box 412, Stanton, KY 40380. Kentucky's highest court has held that compliance with business usage may satisfy the proof of mailing in this context. *Goodin v. Gen. Acc. Fire & Life Assur. Corp.*, 450 S.W.2d 252, 257 (Ky. 1970). However, the business usage "must embody sufficient evidentiary safeguards to satisfy the need

3

for protection of the affected party in the particular transaction concerned." *Id.* In *Goodin*, a postal receipt, a record certification, a return address on the envelope, and sending the cancellation by first class mailwere deemed sufficient evidentiary safeguards. *Id.* Since *Goodin*, when insurance contracts provide for notice of cancellation to be satisfied by mailing of such notice, Kentucky courts have explained that "definite and specific proof of mailing of the notice in compliance with business usage would be sufficient to prove cancellation." *Osborne v. Unigard Indem. Co.*, 719 S.W.2d 737, 740 (Ky. Ct. App. 1986).

Defendants have not specifically challenged United's proof of mailing. They argue that C&S Wood Products, of which Wills is the sole shareholder and director, did not receive this notice. If Wells had received notice, he avers, he would have made the proper payment. He also notes that several C&S Wood Products vehicles remain insured by United. (DE 34-1, Paul Wells Aff.). First, the Policy did not require notice be sent to, let alone be received by, a party other than the named insureds, Wells and D&P Enterprises. Second, the Policy and Kentucky law clearly allow mailing of cancellation – not actual notice – to effectuate the cancellation of an insurance policy. Nevertheless, a genuine issue of material fact remains as to whether the cancellation notice was mailed. United has produced only the "Record of Mailing," its internal document, suggesting that the notice was sent. It has not presented any evidence of other "safeguards" required in *Goodin*. *See also Michael v. Nationwide Mut. Fire Ins. Co.*, No. 4:09-CV-69, 2010 WL 4923479, at *3-4 (W.D. Ky. Nov, 29, 2010)(granting summary judgment to an insurance company after it complied with all evidentiary safeguards prescribed by *Goodin*) and *Riggs v. Am. Bankers Ins. Co. of Florida*, No. 4:04-CV-51, 2005 WL 1475639, at *4 (W.D. Ky. June 22, 2005) (explaining *Goodin* and how its "safeguards must include (1) a postal receipt, (2) a record certification, (3) a return address on the envelope, and (4) sending the cancellation by first class mail.").

### III. Conclusion

Because there remains a question of fact as to whether United fulfilled its statutory duty and Policy requirements for cancellation, United is not entitled to summary judgment at this time. Accordingly, IT IS HEREBY that United's Motion for Summary Judgment (DE 33) is DENIED. IT IS

FURTHER ORDERED that United's Motion for Summary Judgment (DE 33) is DENIED WITHOUT PREJUDICE to its reassertion.

This 15th day of January, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge