UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 11-397-KKC

UNITED FINANCIAL CASUALTY INS. CO., PLAINTIFFS,

V. MEMORANDUM OPINION & ORDER

PAUL WELLS, ET AL., DEFENDANTS.

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the court on the Plaintiff's unopposed, renewed motion for summary judgment. *See* DE 51. For the reasons stated below, the Court will grant the Plaintiff's motion.

## BACKGROUND

In September 2008, Plaintiff United Financial Casualty Insurance Company issued a commercial automobile insurance policy to the defendants, Paul Wells and D&P Enterprises, LLC. United contends that the insurance policy at issue was cancelled in July 2009 due to nonpayment of the required premiums. According to the Complaint, the cancellation notice informed Wells and D&P that the Policy would be cancelled at 12:01 a.m. on July 25, 2009, if United did not receive the premium payment by that time. Wells and D&P did not make the required premium payment and United cancelled the Policy. Attached to the Complaint was a document entitled "Your policy was canceled" dated July 27, 2009, that United mailed to the defendants (*see* DE 1, Ex. C, D).

Thereafter, a motor vehicle accident occurred on August 27, 2009. Defendant Stevens was operating a vehicle involved in the accident that was listed on the policy. Defendant Day was operating the other vehicle involved in the accident. United is providing a defense for D&P

1

and Defendant Stevens in that Kentucky state court action under a full and complete reservation of rights. United filed suit in this case in December 2011 seeking a declaration that it is not obligated to provide coverage, defend, or indemnify under its insurance policy for any claims related to that accident because the policy was cancelled prior to the accident.

## DISCUSSION

The court concludes that summary judgment is appropriate on United's renewed motion for summary judgment. United originally filed a motion for summary judgment that the court denied concluding that a genuine issue of material fact existed as to whether United properly mailed the notice of cancellation. United has now offered the requisite proof and procedural safeguards required by law. Therefore, under the well-known standard according to FED. R. CIV. PROC. 56 there is no genuine issue of material fact and the Plaintiff is entitled to judgment as a matter of law.

Both the Policy and Kentucky law place a similar requirement on United, when canceling a policy, to mail notice of the cancellation only to the named insured. *See* DE 33, Ex. B; K.R.S. § 304.20-040. To satisfy the proof of mailing, United provided a "Record of Mailing," a mail log showing a "list of notices mailed to the persons at the addresses indicated." (DE 33-6, Record of Mailing). This log included an entry for Wells, and the entry shows his name, the Policy number, and P.O. Box 412, Stanton, KY 40380.

As previously explained in its denial of United's first motion for summary judgment, additional safeguards are required and United's previous offer of proof of mailing fell short. *See* DE 46. The business usage for proof of mailing "must embody sufficient evidentiary safeguards to satisfy the need for protection of the affected party in the particular transaction concerned." *Goodin v. Gen. Acc. Fire & Life Assur. Corp.*, 450 S.W.2d 252, 257 (Ky. 1970). A postal

receipt, a record certification, a return address on the envelope, and sending the cancellation by first class mail are sufficient evidentiary safeguards. *Id.* United has now satisfied the court with its recent motion and additional evidence that it has met the necessary "safeguards" as required by *Goodin*.

In its pending motion, United submits an affidavit and three exhibits that outline United's detailed mailing procedure which contain the evidentiary safeguards required by *Goodin*. Affiant Christine Somrak, the manager of claims support for United, states that United's regular procedure for mailing cancellation notices includes the following: a computer search is run; a list is generated of insureds to which notices are to be sent; cancellation notices are printed; cancellation notices are mailed by first class mail; and United's return address is visible on the envelope; United retains a copy of the cancellation notice; a record of mailing reflects that notices that were mailed each day; and United receives a certificate of bulk mailing that includes the postage fee paid, total number of pounds mailed, and postage on each piece and class by which pieces were mailed. DE 51, Attach. 1.

In compliance with this business procedure and included with her affidavit is a cancellation notice to Wells and D&P at PO Box 412, Stanton, KY, 40380, dated July 10, 2009 (Ex. A.). This document reflects that United's return address is visible. United's record of bulk mailing reflects that the cancellation notice was in fact mailed to Wells and D&P at that address (Ex. B). The Certificate of Bulk Mailing reflects that United paid $4,201.12 and $13.50 in postage and fees for the mail and that postage was $0.44 each on each piece of mail sent by first class mail (Ex. C). In sum, United has provided the requisite procedural safeguards mandated by *Goodin*. Accordingly,

**IT IS ORDERED** that United's unopposed and renewed motion for summary judgment (DE 51) is **GRANTED**.

**IT IS FURTHER ORDERED** that United is not obligated to defend or indemnify Stevens, Wells, or D&P or provide coverage for any claims arising from the accident because policy no. 06580035-0 was cancelled for nonpayment prior to the accident.

A separate judgment shall issue.

Dated this 29th day of August, 2013.

Signed By:
*Karen K. Caldwell* KKC
United States District Judge